**MOTION HEARING TO CONSOLIDATE**
January 26, 2023 - 11:50am

---

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **PLAINTIFF:**<br><br>Meraki Management, LLC.<br>3500 Brooktree Road, Suite 203<br>Wexford, PA 15090<br><br>**Counsel of Record for Defendant**<br>David M. Tkacik, Esq.<br>Tkacik Law Office, P.C.<br>9000 Brooktree Rd., Suite 205<br>Wexford, PA 15090<br>412-449-0100<br>DTkacik@TkacikLawOffice.coM<br><br> VS. <br>**DEFENDANT:**<br><br>Andrew Corona<br>3457 EVERGREEN ROAD, APT 103<br>PITTSBURGH, PA 15237<br>814-318-2206<br>AndrewCoronaNCMA@Gmail.com | **CIVIL DIVISION**<br><br>**CASE NUMBER:**<br>LT - 22- 001765<br><br>**TYPE OF PLEADING:**<br>Objection to Motion by Plaintiff<br><br>**FILED ON BEHALF OF:**<br>Andrew Corona<br><br>☐ **COUNSEL OF RECORD**<br>☒ **INDIVIDUAL, IF PRO SE**<br><br>**REQUIRED INFORMATION:**<br><br>Andrew Corona<br>3457 EVERGREEN ROAD, APT 103<br>PITTSBURGH, PA 15237<br>814-318-2206<br>AndrewCoronaNCMA@Gmail.com |

**MOTION HEARING TO CONSOLIDATE**
January 26, 2023 - 11:50am

---

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **PLAINTIFF:** Meraki Management, LLC. <br> V. <br><br> **DEFENDANT:** Andrew Corona | CIVIL DIVISION <br><br> CASE NUMBER: <br> LT - 22- 1765 <br><br> TYPE OF PLEADING: <br> Objection to Consolidation |

**OBJECTION TO CONSOLIDATION**

   NOW, on this **26th** day of **January**, **2023**, Objection to the Plaintiff's motion to consolidate at LT 22-1765 by Defendant. And States as follows;

I object to the consolidation of these cases at LT-22-1765 or "Tenant Case", as it will only delay the issue at [AR 4185], which began 18 months ago in August of 2021. It's my observation that the opposing side, quite noticeably, is attempting to manipulate due process procedures as [AR 4185] is to be heard on the 31st of January, Next Tuesday at 9am. The Plaintiffs case, not until March 30th, 2023. I have been waiting for Justice and request the Court see that in the following.

The initial complaint by counsel's client, brought forth an appeal as a US Citizen who felt a document presented to a Judge in an eviction case as **TRUE**, violated more than just The right to justice but, the Rule of Justice under penalty of perjury pursuant to title 18 of the Pennsylvania Consolidated Statute 4904 possibly 4911, those two cases, a classic post hoc fallacy.

The Civil complaint at [AR-4185], was fiiled on November 30, 2022 as an aggrieved tenant of substantial income loss. Eventually becomiming unable to work due to exacerbated amounts of

**MOTION HEARING TO CONSOLIDATE**
**January 26, 2023 - 11:50am**

---

stress and anxiety caused by neglegence and failure of duty of the Landlord. Violations of their Rental Contract guaranteeing Maintenance standards and Peaceful Enjoyment. Further the claim rises allegations of humiliation, and loss of trust in finding housing in the Commonwealth of Pennsylvania.

After contacting every lawyer in Allegheny County listed as a "LANDLORD/TENANT" attorney on Avvo and Google, I reached out to Neighborhood Legal Services, then PA Bar Association as every one of the lawyers suggested- while some direction was given, Never did a defender of the Constitution uphold their OATH to defend the Constitution for which the treatment of my rights were highly in question. To add insult, replies from lawyers in Allegheny County using abusive language.

Proceeding on my own as a Pro Se, Plaintiff; to bring forth This Egregious, <u>ongoing</u> Disability Discrimination claim; as defined by the 1988 Fair Housing Act, in this particular case, rights granted under Section 12(c) of the Human Relations Act, Pennsylvania Statute § 9629(c) in relations to violations of Sections 804 (f)(1)(A), 804 (f)(3)(B) of Title 8 of the Civil Right Act. By Denying a legitimate request for Reasonable Accommodation by modification to terms or condition of rental, is the Exact cause for allegations.

My plea for relief, is stated in both Motion for Judgment on Pleadings as Counsel and his client failed to file their Complaint within 20 days - Resulting default of Court Procedure. 36 Days for the Complaint from the Magestratie at LT 22-1765 and Answer to the complaint at AR, you

**MOTION HEARING TO CONSOLIDATE**
**January 26, 2023 - 11:50am**

---

guessed it, 36 Days. The exact number of days showing intention to delay and disregard for the Court's time.

Therefore, your Honor, I can not see wasting anyone's time in this case having to be removed to Federal Court, or having this delayed any further. Counsel has been sitting for over 10 weeks WITH this information That's over 1,700 hours to produce some form of defense in this case.

Rather, I received an Answer merely denying allegations with no attempt to address the issue. FURTHER, Never Satisfying the Burden of Proof by producing evidence to show fact in the claims of Non-Payment were true.

If it may please the Court RELIEF IS humbly prayed for as follows;

1. JUDGMENT for DEFENDANT in LT-22-1765, a bad faith claim filed with the court by the Plaintiff and a 36 Day Answer. - Non-pros
2. Judgement on the Pleadings in AR 22-4185 - for Non-pros
3. MONETARY RELIEF in the form of Damages to Defendant in relation to Pennsylvania Rules of Civil Procedure 1042.9 and 1042.3-A for Non-Pros of both cases.
    1. LT 22-1765 - $5,000 the original amount requested in 2021 for reimbursement and time for bring case forward. and any monies Court deems appropriate.
    2. AR 22-4186 - $200,000 for lost income, and any monies the Court deems appropriate. The number arise by taking the average of income and multiplying it by five months, as recovery from this discrimination will take time and therapy to mend.

**MOTION HEARING TO CONSOLIDATE**
**January 26, 2023 - 11:50am**

---

4. SANCTIONS ALLOWABLE BY LAW AT COURT'S DISCRETION to be assessed against the Plaintiff and Counsel in relation to all facts in its ENTIRETY stated today.

5. Financial Records Prior to 2023 regarding account with Meraki Management is requested Unusable and undependable for the record.

6. Financial Responsibility to reflect beginning January 2023, with Proceeds Released from Escrow to Meraki Management upon approval of this order in the agreed amount of $1,000.00. This amount will satisfy January Rent.

7. Rent Amount For February 2023 will be paid directly through the portal upon Satisfaction of judgment.

8. Notice to Landlord of 15 Day to vacate upon satisfaction of Judgement.

9. Mandatory Training for Attorney's and Landlords regarding Disability responsibilities in Housing and Compliance with ADA

    1. Lawyers Should have Initial Training, and annual refresher education according to the FHEO guidelines and schedule. If Discrimination is suspected, Questionnaire provided by FHEO should be implemented.

    2. Landlords Should have Initial training, and annual refresher education according to the FHEO guidelines and schedule. If Discrimination is suspected, Questionnaire provided by FHEO should be implemented

Thank you for the Courts Time.

January 26, 2023

_____
Andrew B. Corona, Pro Se